FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 04 2019

JAMES W. McCORMACK, CLERK
By: _____ DEP/CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

**JEREMY GARCIA**                                                                    **PLAINTIFF**

v.                                            CASE NO. 4:19cv781-BSM

**LINDSEY & COMPANY, INC.,**
**TENANT PI, LLC,**                                                 **DEFENDANTS**

This case assigned to District Judge Miller
**COMPLAINT** and to Magistrate Judge Harris

Comes now Plaintiff Jeremy Garcia ("Plaintiff") by and through his attorneys, and for his Complaint against Defendants Lindsey & Company, Inc. and Tenant PI, LLC ("Defendants") and submits the following:

## JURISDICTION AND VENUE

1.  This is an action for discrimination, harassment, hostile work environment, and retaliation for engaging in a protected activity in violation of the (42 U.S.C. § 1981 *et seq.*) occurring at the Little Rock, North Little Rock and Searcy, Arkansas locations of Defendants in Pulaski County, Arkansas. The jurisdiction of this Court is conferred pursuant to 28 U.S.C. § 1331. As the claims arose in this District, venue is proper before this Honorable Court.

2.  Plaintiff is a resident of Pulaski County, Arkansas, and at the time the claims arose, was an employee of Defendants.

3. Defendant Lindsey & Company, Inc. is a domestic corporation registered to do business in the state of Arkansas. The registered agent listed with the Arkansas Secretary of State for service of process is John C. Lindsey, 500 President Clinton, Ste. 401, Little Rock, Arkansas 72202.

4. Defendant Tenant PI, LLC is a domestic limited liability company registered to do business in the state of Arkansas. The registered agent listed with the Arkansas Secretary of State for service of process is John C. Lindsey, 1 Riverfront Place #700, North Little Rock, Arkansas 72214.

## **ALLEGATIONS OF FACT**

5. On or around August 17, 2015, Plaintiff began his employment with Defendants.

6. Plaintiff is a 3rd generation, Mexican American of Hispanic or Latino descent. Defendants were aware of Plaintiff's heritage/ethnicity/race and/or status as a minority because he informed them at the time of his hire and repeatedly throughout his employment.

7. Throughout Plaintiff's employment with Defendants, he was subjected to illegal discrimination and harassment due to his race/ethnicity as a Hispanic male and he also witnessed illegal discrimination, retaliation and harassment of other minorities. This illegal conduct was so pervasive that it rose to the level of being a hostile work environment. Further, after engaging in the protected activity of complaining about such conduct, he was retaliated against on numerous occasions.

8. Plaintiff was hired as Vice President of Business Development.

9. Shortly after he was hired, Plaintiff became aware that the CEO of Defendants was often racially and ethnically motivated in his hirings and firings of employees. The CEO of the Defendants is a white male named John Lindsey.

10. Mr. Lindsey would repeatedly refer to black employees or the black spouses/partners of employees as "coons" and make other racially derogatory remarks regarding minorities. Mr. Lindsey would refuse to allow Plaintiff to hire the most qualified staff but rather insisted that he hire white females, specifically single mothers.

11. Mr. Lindsey would refer to Plaintiff as a "fake Mexican" and continued to do so even after Plaintiff would repeatedly ask him to stop talking about himself and all minorities in such a derogatory fashion.

12. Plaintiff began having issues with Defendants after he reported these and other acts to board members in the Spring of 2016. Plaintiff was responsible for hitting certain sales goals in as the VP for Business Development. However, due to the CEO's prejudices and biases, Plaintiff had difficulty keeping staff from quitting and even being able to hire the most qualified candidates.

13. In the summer of 2016, Mr. Lindsey would not allow a black employee to accompany Plaintiff to a trade show in Kentucky because "they don't really care for black people in Kentucky", according to Mr. Lindsey.

Plaintiff told him that was crazy and insisted that the employee attend with him. Mr. Lindsey refused and even went so far as to remove this black employee from all accounts in Missouri and Kansas even though Plaintiff had determined that he was by far the most qualified to service those markets.

14. After Plaintiff complained on behalf of this employee, things only became worse.

15. There was no Human Resources Department within Defendants. Plaintiff was required to report all claims of harassment, discrimination and retaliation directly to Mr. Lindsey, which he did. Plaintiff always reported any claims for himself and others directly to Mr. Lindsey and the board members when he was able to meet with them.

16. When nothing was done about Plaintiff's numerous complaints of racial and ethnicity harassment and discrimination, he went directly to 2 board members and even then, nothing was done. (There were four members of the board. The other two board members were John Lindsey and his brother.) After Plaintiff reported the issues within the company, the board and Mr. Lindsey became making unreasonable sales goals and ultimately terminated him for not meeting these unattainable sales goals.

17. Defendants have made the ludicrous claim that there had been a claim of assault of a female employee that Plaintiff had failed to report. No employee ever reported assault to him that he did not immediately report to Mr. Lindsey. There was an employee who reported directly to Mr. Lindsey

who made a complaint about another employee biting her but that report was made to Mr. Lindsey. After Mr. Lindsey approached Plaintiff with this information the decision was made to terminate the man who had allegedly assaulted the employee.

18.     Ultimately, Plaintiff was terminated on November 3, 2016 for the trumped-up reasons of failing to meet his sales goals and failure to report the assault of another employee and aid in that investigation. These reasons were trumped-up and pretext to hide their illegal discrimination.

19.     Defendants were charged with the responsibility of establishing and enforcing policies and procedures to prevent workplace discrimination, but completely and utterly failed to do so.

20.     Plaintiff has suffered physical and emotional damages, severe monetary damages, and lost wages including back pay and front pay as a result of the conduct of Defendants.

## **VIOLATIONS OF THE LAW**

21.     Plaintiff re-alleges the foregoing as if fully set forth herein word for word.

22.     Plaintiff is a Hispanic male who was working for Defendants as a full-time employee at the time the claims arose.

23.     Based on the facts as alleged above, Defendants have harassed, retaliated, and discriminated against Plaintiff on account of his ethnicity/race

and for engaging in a protected activity in violation of the statutes set forth above.

24.     As described above, Plaintiff was subjected to pervasive harassment and discrimination. The conduct was unwelcome.

25.     The conduct was based on Plaintiff ethnicity/race and complaints of same and such conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find that Plaintiff's work environment was hostile or abusive and as a result of such conduct, Plaintiff reasonably believed his work environment to be hostile or abusive.

26.     Plaintiff's ethnicity/race and his complaints of racial discrimination of others were the motivating or determining factor(s) for his termination in violation of all statutes set forth in paragraph above and Defendants' stated reasons for terminating Plaintiff are a pretext to hide discrimination.

27.     Plaintiff reasonably believed he was been harassed, retaliated and discriminated against because of his complaints of harassment and discrimination.

28.     Based on the facts as alleged above, Plaintiff's termination might dissuade a reasonable worker in the same or similar circumstances from making or supporting/reporting discrimination or harassment.

29.     Defendants would not have treated Plaintiff in such a manner as alleged herein had he not made his complaints.

30. As a direct and proximate result of Defendants acts and omissions alleged herein, Plaintiff is entitled to recover compensatory and punitive damages, including but not limited to back pay, front pay, emotional and/or pain and suffering damages, interest, the cost of litigation and attorneys' fees in an amount to be proven at trial.

31. Plaintiff is entitled to punitive damages from Defendants since Defendants knew or should have known, in the light of the surrounding circumstances, that its conduct would naturally and probably result in damage and Defendants continued with such conduct in reckless disregard of the consequences. Defendants' conduct and that of its supervisors, managers, and employees were within the course and scope of their employment with Defendants.

32. Defendants failed to establish and enforce adequate policies and procedures to prevent discrimination and retaliation in the workplace or to keep their employment practices and procedures from having a discriminatory effect on its employees.

WHEREFORE, Plaintiff demands a trial by jury and a judgment against Defendants as follows:

(a) That the Court declare that Defendants' actions, policies and practices complained of herein violated Plaintiff's rights under the statutes set forth above;

(b) That the Court grant appropriate injunctive relief prohibiting

Defendants from discriminating on the basis of her gender/sex;

(c) That the Court grant appropriate injunctive relief requiring Defendants to adopt a program providing training and orientation to current and prospective employees regarding their rights and obligations under the statutes set forth above;

(d) That Plaintiff be reinstated;

(e) That Plaintiff be awarded all damages to which she is entitled resulting from and proximately caused by Defendants' unlawful discrimination, harassment and retaliation, and violation of the statutes set forth above;

(f) That Plaintiff be awarded costs and reasonable attorneys' fees; and,

(g) That Plaintiff be awarded such other relief as the Court deems just and proper.

Respectfully submitted this 4th day of November 2019.

By: _____
Elizabeth LaRue-Grigg (Bar No. 03217)
Attorneys for the Plaintiff

GREGORY & LARUE, PLLC
Attorneys at Law
PO Box 251828
Little Rock, Arkansas 72205
(501) 580-7370
elarue@gregorylarue.com